# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| **Michael J. Jones** | : | Bankruptcy No. 18-10644-TPA |
|       **Debtor** | : | |
| | : | Chapter 13 |
| **Michael J. Jones** | : | |
|       **Movant** | : | |
| v. | : | Related to Doc. No.: 32, 36, 38 & 45 |
| | : | |
| **Freedom Mortgage Corporation,** | : | |
|       **Respondent** | : | |

### RESPONSE OF FREEDOM MORTGAGE CORPORATION TO DEBTOR'S OBJECTION TO NOTICE OF MORTGAGE PAYMENT CHANGE

NOW COMES, Freedom Mortgage Corporation, ("Respondent"), by and through its undersigned counsel, Phelan Hallinan Diamond & Jones, LLP, and files the within response to Debtor's Objection to Notice of Mortgage Payment Change (the "Objection") and in support thereof, avers as follows:

1. This case was commenced on June 26, 2018, when Michael J. Jones ("Debtor") filed a voluntary petition under chapter 13 (the "Filing Date").

2. On August 15, 2018, Respondent filed a proof of claim (Claim No. 6-1) evidencing a secured claim on the Debtor's real property in the total amount of $129,094.57, including pre-petition arrears (due to a projected escrow shortage) of $123.97[1] (the "Claim").

3. The Claim was subsequently amended on March 26, 2019 (Claim No. 6-2) to correct the escrow portion of the post-petition contractual payment and to correct the projected escrow shortage.

---

[1] The arrears claim of $123.97 was the result of a post-petition projected escrow shortage.

4. Specifically, the Claim was amended to remove an escrow for real estate taxes and reduce the arrears claim to $0.00.[2]

5. Accordingly, the contractual post-petition payment was $655.37 effective July 1, 2018, comprised of $612.59 (principal and interest), $41.80 (monthly escrow for insurance), and $0.98 (12 month projected shortage spread).

6. On July 11, 2019, Respondent filed a Notice of Mortgage Payment Change ("1st NOPC") which increased the overall monthly payment to $874.35. This increase was the result of a real estate tax disbursement.

7. On July 12, 2019, Debtor's counsel contacted prior bankruptcy counsel to notify him of the error, since the Debtor is exempt from real estate taxes.

**8. Once alerted to the issue with the 1st NOPC, Respondent promptly acted to review the account and issue a corrected escrow analysis.**

9. Specifically, Respondent had the loan was reviewed by its vendor on July 15, 2019. At that time, the tax exemption was noted and reduced to $0.00, and a corrected Escrow Analysis was generated on July 19, 2019 and then sent to Debtor's counsel.

**10. Respondent does not dispute that there was an error but it promptly acted to review the account and issue a corrected escrow analysis on July 19, 2019 - seven (7) days after receiving the email from Debtor's counsel.**

11. According to the July 19, 2019 corrected escrow analysis, effective August 1, 2019 the new monthly payment was to be $655.52.

12. Respondent was not aware that the 1st NOPC was *not actually amended* of record to reflect the corrected Escrow Analysis dated July 19, 2019.

---

[2] With the removal of the real estate taxes, the projected escrow shortage was $11.80 which Debtor elected to pay an additional $0.98 to the monthly payment over 12 months. This is reflected in the Amended Claim.

13. Nevertheless, the Trustee continued to remit the contractual payment reflected in the Amended Claim, so the Debtor was not charged any additional sums.

14. On September 11, 2019, Respondent's vendor received an automated tax report from the tax office which reported school taxes due on September 30, 2019 in the amount of $1,869.47. This amount was then disbursed from escrow on September 13, 2019.

15. Since the tax payment reported was disbursed, the disbursement was captured on the escrow analysis completed on October 16, 2019.

16. The check was subsequently returned to the vendor on October 24, 2019 due to the Debtor's real estate exemption but the vendor did not update the tax line to reflect the exemption. On October 30, 2019, the check was voided and applied back to escrow but the tax line was not updated and a new escrow analysis was not requested.

17. On November 15, 2019, Respondent filed a second Notice of Mortgage Payment Change ("2nd NOPC") which (again) reflected an increased monthly payment because it was based upon the October 16, 2019 escrow analysis (which had included the real estate tax disbursement).

18. This increase was the result of a real estate tax disbursement explained above and the voidance of the check was not captured before the 2nd NOPC was filed because a new escrow analysis was not requested when the tax payment was returned.

19. While this is an unfortunate error and is cause for confusion, it was most definitely not intentional or meant to deceive the Debtor.

20. On November 22, 2019, the Debtor's Objection to 2nd NOPC was filed at Docket Entry No. 32.

21. Thereafter, Respondent retained the undersigned to assist in this matter. The undersigned sought and received two extension of time to respond to the Objection.

22. The extension were meant to allow counsel to familiarize herself with the account as she was out of the office for vacation during the holidays.

23. A second extension was sought because Respondent agreed that the 2nd NOPC would need to be corrected to remove the tax escrow but Respondent was researching with its vendor the circumstances as to why the tax payment (reflected in the October 16, 2019 escrow analysis attached to the 2nd NOPC) was disbursed and why a new escrow analysis wasn't done when the payment was voided.

24. A status conference was held on February 5, 2020 at which time the undersigned appeared on behalf of Respondent to represent that Respondent agrees that there was an error and the 2nd NOPC should either be denied or amended based upon the agreement of the parties.

25. A second hearing is currently scheduled for March 3, 2020.

26. For the reasons set forth herein, Respondent requests an Order which either (i) denies the 2nd NOPC as moot or (ii) provides a period of time to file an amended 2nd NOPC.

**WHEREFORE**, Freedom Mortgage Corporation, respectfully requests that this Honorable Court enter an Order which denies the Notice of Mortgage Payment Change as moot.

                                                        Respectfully submitted,

                                                        PHELAN HALLINAN
                                                      DIAMOND & JONES, LLP

Date: <u>February 13, 2020</u>      <i>/s/ Jodi L. Hause, Esquire</i>
                                                       Jodi L. Hause, Esquire
                                                       PA ID No. 90625
                                                       Phelan Hallinan Diamond & Jones, LLP
                                                       Omni William Penn Place Office Tower
                                                       555 Grant Street, Suite 300
                                                       Pittsburgh, PA 15219
                                                       412.745.0600 / 412.745.0601 (fax)
                                                       jodi.hause@phelanhallinan.com